Emielity v. State, 185·Wis. 140.

EMIELITY, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 18—November 11, 1924.*

*Intoxicating liquors: Destruction of fluids: Nature of offense: When complete: Evidence: Sufficiency.*

1. The word "fluid," as used in sub. (19), sec. 165.01, Stats., penalizing the destruction of any "fluids" on premises being searched to prevent the seizure thereof by a peace officer, does not mean intoxicating liquor only, the purpose being to prevent the destruction of evidence of the possession of such liquors.  p. 141.
2. The evidence in this case is *held* sufficient to sustain a conviction of destroying fluids on premises being searched to prevent the seizure thereof by a peace officer, in violation of said sub. (19).  p. 142.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

The plaintiff in error, hereinafter called the defendant, was found guilty of violation of the prohibition act, in the municipal court of Milwaukee county.  From the judgment and sentence of the municipal court the case comes to this court on writ of error.

For the plaintiff in error the cause was submitted on the brief of *Cannon, Bancroft & Waldron* of Milwaukee.

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, and *John P. Donnelly,* assistant district attorney, and oral argument by *Mr. Donnelly.*

CROWNHART, J.  Sub. (19) of sec. 165.01, Stats., pro-
vides:

"It shall be unlawful for any person to secrete or destroy
any fluids on premises being searched, for the purpose of
preventing the seizure of such fluids by the commissioner, or
any peace officer."

It is the contention of defendant that the term "fluids"
should be construed to mean intoxicating liquor, and it is
further contended that the evidence was speculative and
insufficient to justify a verdict of guilty.  The quoted section
is from the prohibition act, and evidently is for the purpose
of preventing the destruction of evidence while the premises
of the owner are being lawfully searched.  If fluids are thus
destroyed, it is quite manifest that the evidence to determine
the proof or falsity of the possession of intoxicating liquors
is destroyed.  Therefore the legislature very properly pro-
vided a penalty for the destruction of such fluids for the
purpose of preventing the seizure of the same while the
premises are being searched by a peace officer.

In the instant case two uniformed police officers of the
city of Milwaukee observed, from the street through a win-
dow, the defendant, who maintained a licensed drink parlor,
serving liquids to customers, poured from a large shell glass
into the ordinary glasses commonly used for serving whisky.
The officers then entered the premises for the purpose of
searching the same, one of the officers going behind the bar.
He picked up the glass from which the defendant had poured
the drinks for his customers, and which was partially filled
with liquid.  The defendant grappled with the officer and
knocked the glass and its contents to the floor, where the
liquid was spilled.  The officer picked up the broken frag-
ments, smelled of the contents, and testified that they smelled
of moonshine liquor.  None of the contents was saved for
the purpose of analysis to determine the alcoholic content.
The defendant denied having any intoxicating liquors on
his premises, and three customers who had been served de-

nied that they had been served intoxicating liquors.   Upon this evidence the court found the defendant guilty under the statute quoted.

There is no merit in this appeal.   The defendant did not deny that he destroyed the liquids, and destruction for the purpose of preventing the officer from seizing the same constituted the offense.

*By the Court.*—The judgment and sentence of the municipal court are affirmed.